# IN THE UNITED STATES COURT OF APPEALS
## EIGHTH CIRCUIT

**FRIENDS OF LAKE VIEW**                     **APPELLANTS**
**SCHOOL, ET AL**

**V.**                     **NO. 08-2161**

**MIKE HUCKABEE, ET AL**                     **APPELLEES**

_____

## APPELLANTS' BRIEF

_____

Respectfully Submitted,

_____

Jimmie L. Wilson(Bar#73-128)
521-523 Plaza Street
West Helena, AR  72390
Phone: (870)572-1533
Fax: (870)572-4392
Attorney for Appellant
attorneyjlwilson@suddenlinkmail.com

## SUMMARY OF THE CASE AND REQUEST FOR ORAL ARGUMENT

The purpose of the appeal is to challenge the District Court's decision to grant the Appellees' Motion to Dismiss. It is the Appellant's position that there was genuine issues of law and facts; appropriate standing and jurisdiction of the court; and an absence of any applicable defenses by the Defendant to the federal jurisdiction of a real case or controversy.

The Appellants contend they were subject to violation of 14th Amend. rights of equal protection and due process because of race. That the racial violation of their 14th Amend. rights were effectuated by the Appellants through the closing of the former Lake View School District realizing Act. 60 of the Second Extraordinary Session of the General Assembly of 2002.

It is further the contention of the Appellants that the court erred in the adoption of a Order Granting Summary Judgment in the case of *Friends of Eudora v. Huckabee*, in the U.S. District Court, E.D. of Ark., Case #5:06-044, which was a case involving a challenge to annexation as per the applicable rules of law did not apply to the facts and circumstance of the instant cause.

Lastly, *Parents Involved in the Community Schools v. Seattle School District, et al,* No. 1, No. 05-905 (U.S. 6/28/07) was not considered by the trial court.

# TABLE OF CONTENTS

**Page**

Summary of the Case and Request for Oral Argument ………………. i

Table of Contents ………………………………………………….. ii

Table of Authorities ……………………………………………….. iii

Jurisdictional Statement ……………………………………….....  1

Statement of Issues ……………………………………………....  2

Statement of the Case ………………………………………….....  3

Standard of Review ……………………………………………….. 4

Summary of Argument ……………………………………………... 5

Conclusion …………………………………………………………  22

Certificate of Service …………………………………………….....27

Certificate of Compliance ………………………………………… 29

Addendum ……………………………………………………………30

# TABLE OF AUTHORITIES

## CASES                                                    PAGE

*Allen v. Wright, et al,*
     104 S. Ct. 3315, 468 U.S. 737, 751 (1984) ………… 17

*Brown v. Board,* 347 U.S. 483 1994 ……………………… 13, 22

*Carter v. Arkansas* 392 F.3d 965, 968 (8th Cir. 2004) ……… 14

*Charchenko v. City of Stillwell*,
     447 F.3d 981, 983 n. 1 (8th Cir. 1995)……………….. 31

*Coates v. Kelly,* 957 F. Supp. 280 E.D. of Ark. 1997 ……….. 11

*Cooper v. Aaron*, 358 U.S. 1 (1958) ………………………… 22

*County of Sacramento v. Lewis*, 523 U.S. 833 (1998) ……….. 23

*District of Columbia Court of Appeals v. Feldman*,
     460 U.S. 462 (1933) …………………………………... 5

*Dupwe v. Wallace*, 355 Ark. 521 (Ark 2004) …………………18

*Ex-parte Young,* 209 U.S. 123 (1908) ………………………. 15

*Fitzpatrick v. Board*, 578 F.2d 858 (10th Cir. 1978) ………… 9, 23

*Friends of Eudora v.Huckabee, et al*, in the U.S. Dist. Ct.,
     E. D. of Ark., Pine Bluff Div., Case #5:06-CV-044 …. 4, 9, 11, 14, 15
                                               16, 17, 18, 20,
                                               21, 22

*Grutter v. Bollinger*, 539 U.S. 306, 326 (2003) ……………… 20

*Hollaway v. State Board of Architects,*
     79 Ark. App. 200 (Ark. App. 2002)…………………... 9

*Huffman v. Aldison,* 355 Ark. 411 (Ark. 1998) ……………… 8

# TABLE OF AUTHORITIES

**CASES**                                                          **PAGE**

*Kelly v. Altheimer*., 358 F.2d 483 (1987) …………………… 22


*Lake View School District, et al v. Huckabee, et al,*
      340 Ark. 481, (Ark. 2000) …………………………… 7, 17
      349 Ark. 116 (Ark. 2002) ………………………….. 5, 12
      351 Ark. 31 (Ark. 2002) …………………………. 5, 14, 21
      358 Ark. 137 (Ark. 2004) …………………………. 17, 18
      359 Ark. 49 (Ark. 2004) ……………………………. 5
      362 Ark. 251 (Ark. 2005) …………………………. 5
      362 Ark. 520 (Ark. 2005) …………………………. 5
      363 Ark. 379 (Ark. 2005) …………………………. 5
      364 Ark. 398 (Ark. 2005) …………………………. 5
      368 Ark. 231 (Ark. 2006) …………………………. 5
      370 Ark. 139 (Ark. 2007) …………………………. 5

*Landscape Properties, Inc. v. Whisenhunt,*
      127 F.3d 678, rehearing denied, 8th Cir. (Ark. 1997) .. 8,

*Lee v. Macon County Board of Education,*
      448 F.2d 746 (1971) ………………………………… 22, 23

*Little Rock School District v. Pulaski Co. Special School Dist.*
      778 F.2d 404 (8th Cir. 1985)(en banc) cert. denied…... 22
      839 F.2d 1296 (1988) ……………………………….. 11
      921 F.2d 1371 (1999) ……………………………….. 11

*Loving v. Commonwealth of Virgina*, 338 U.S. 1 (1967) ….. 25

*Lujan v. Defenders of Wildlife,* 500 U.S. 915 (U.S. 1991) … 16

*Marbury v. Madison*, 1 Cranch 137 (1803) ………………… 22,

# TABLE OF AUTHORITIES

**CASES**                                                      **PAGE**

*McFarland v. Jefferson County School District,*
330 F. Supp.2d 834 (W.D. of Ken. 2004) aff'd,
F.3d 513 (6th Cir. 2005) ……………………………… 20, 21

*Meyers v. Nebraska,* 262 U.S. 390 (1923) ………………… 13,

*Miller County v. Opportunities, Inc.,*
334 Ark. 88 (Ark. 1998) ……………………………... 8,

*Parents Involved in the Community Schools v. Seattle School Dist.*
No. 1, No. 05-905 (U.S. 6/28/07)……………………. 6, 11, 21, 22
23,

*Plyler v. Doe,* et al, 457 U.S. 202 (1982) …………………… 12,

*Richmond v. J.A. Crosan Co.,* 48 U.S. 469 (1999) …………. 24

*Rochin v. California,* 342 U.S. 165 (1952) …………………23,

*Rooker v. Fidelity Trust Company,* 263 U.S. 413 (1993) ….. 5

*San Antonio Independent School District v. Rodriguez,*
411 U.S. 135 (1973) ………………………………… 12,

*Shaw v. Reno,* 509 U.S. 630, 643 (1983) ………………….. 11

*Sierra Club v. Morton,* 405 U.S. 727, 740, 741 (1972) …… 16

*Simes v. Huckabee,* 354 F.3d 833 (8th Cir. 2004) …………. 7

*Smith v. Smith,* 241 Ark. 465 (Ark. 1966) ………………… 8

*University of California Regents v. Bakke,*
438 U.S. 265, 298 (U.S. 1978) ……………………… 24

# TABLE OF AUTHORITIES

**CASES**                                                          **PAGE**

*Whitmore v. Arkansas*, 494 U.S. 149, 155 (1990) ………… 16

*Wyant v. Jackson Board of Education*,
      476 U.S. 267, 277, 287, (1986) ……………………. 11

*Yick Wo v. Hopkin*, 118 U.S. 3456 (1886) ………………. 25

# JURISDICTIONAL STATEMENT

(i)      This is an appeal taken from an order granting Summary Judgment entered by the court on April 18, 2008, in the cause of Friends of *Lake View, et al v. Huckabee, et al*, in the United States District Court, Eastern Division of Arkansas, Helena Division, Case #2:04-CV-184 WRW.

(ii)      The United States District Court for the Eastern District of Arkansas has proper jurisdiction of this cause of action pursuant to 28 U.S.C.§ 1331, 42 U.S.C. § 1343(a)(3);28 U.S.C. § 1357, 28 U.S.C. 2201, 28 U.S.C. 2202, et seq.;

(iii)      This Appellate Court contains jurisdiction to review the final order(s) of the United States District Court as described in section (i) of this declaration.

(iv)      Appellants' Notice of Appeal was filed on May 19, 2008.

# STATEMENT OF THE ISSUES

## I.

WHETHER OR NOT THE DISTRICT COURT ERRED IN GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT.

*Brown v. Board,* 347 U.S. 483 (1994)
*Dupee v. Wallace*, 355 Ark. 521(2004)
*Grutter v. Bollinger*, 539 U.S. 306, 326 (2003)
*Parents Involved in the Community Schools v. Seattle School District, et al,*
No.1, No. 05-905(U.S. 6/28/07)
*San Antonio Independent School District v. Rodriguez,* 411 U.S. 135 (1973)

    A.    SOVERIGN IMMUNITY:
        *Lake View School District, et al v. Huckabee, et al,*
            340 Ark. 481 (Ark. 2000)
        *Lake View School District, et al v. Huckabee, et al,*
            349 Ark. 116 (Ark. 2002)
        *Lake View School District, et al v. Huckabee, et al*
            351 Ark. 31 (Ark. 2002)

    B.    STRICT SCRUTINY:
        *Meyers v. Nebraska*, 262 U.S. 390 (1923)
        *Lake View School District, et al v. Huckabee, et al,*
            349 Ark. 116 (Ark. 2002)
        *Lake View School District, et al v. Huckabee, et al*
            351 Ark. 31 (Ark. 2002)

    C.    ROOKER-FELDMAN DOES NOT APPLY:
        *Rooker v. Fidelity Trust Company,* 263 U.S. 413 (1993)
        *Lake View School District, et al v. Huckabee, et al*
            351 Ark. 31 (Ark. 2002)

THE COURT ERRED IN ADOPTING THE FINDINGS OF THE FRIENDS OF EUDORA CASE.

*Parents Involved in the Community Schools v. Seattle School Dist.*
    No. 1, No. 05-905 (U.S. 6/28/07)…………………….
*Yick wo v. Hopkin*, 118 U.S. 356 (1886);

## STATEMENT OF CASE

Appellants are African-American citizens, taxpayers, students who live in former school district of Lake View School District, No. 25, Phillips County, Arkansas. In 1992, there was lawsuit filed in the Pulaski County Chancery Court (now Circuit Court) pursuant to Arkansas Constitutional (Amendment 80) in which certain African-American citizens of the Lake View School District claimed discrimination in the funding mechanism used to finance public school systems of the State of Arkansas. The lawsuit was originally an individual cause-of-action which was at a later date converted to a class action. The Plaintiffs in the *Lake View Funding* case of 1992 ultimately prevailed.

Legislative acts in the Second Extraordinary Session of the General Assembly of Arkansas in 2003 herein referenced as Acts 59 and Acts 60 were utilized by the Appelles in this cause to reduce the number of individual school districts in Arkansas by utilizing the means of consolidation of some and annexation of others with less than 350 students per district with larger school districts. The central, paramount, overwhelming consideration for determining how various school districts, inclusive of the Appellant school district, Lake View, would be consolidated with another where the race of the majority of students where white.

# STANDARD OF REVIEW

In reviewing *De novo,* an order granting a Motion to Dismiss, the Appellant court must accept all well-pled facts as true and draw all reasonable inferences in favor of the Appellant. *Weaver v. Clarke*, 45 F.3d 1253, 1255 (8th Cir. 1995). The court abuses its discretion if its ruling is based upon an erroneously view of the law. Astringent standards for considering Motions to Dismiss is applied in civil rights cases. *Reed v. Reed*, 303 U.S. 71, 1973; *Springdale Education Association v. Springdale School District*, 133 F.3d 649 (8th Cir. 1998).

It is required that there be absolutely no grounds upon which a Plaintiff can be granted relief before a Rule 12 (b)(6) Motion to Dismiss is granted. In adjudicating a Motion to Dismiss, the Complaint must be viewed in a light most favorable to the Plaintiff. *Murphy v. Landcaster*, 950 F.2d 746 (8th Cir. 1992). Appellants contend that there was no full and fair opportunity to litigate issues contained in the four corners of their Complaint in any earlier court. *Montana, et al v. U.S.*, 440 U.S. 147 (U.S. 1979); *Blonder-Tongue Lab., Inc. v. University of Ill. Foundation*, 402 U.S. 313, (U.S. 1971). The adjudicative process utilized by the State after 2002 did not provide an adequate method for full litigation.

# SUMMARY OF ARGUMENTS

This is a cause-of-action which was necessitated by the actions of the Appellees' enactment of Act 60 of the Second Extraordinary Session of the Arkansas General Assembly of 2003. See App. 27. Amendment 60 was codified as A.C.A. 6-13-1602 (a). The Appellants in this cause filed an action below challenging the constitutionality of the consolidation of the former Lake View School District based upon the criteria used by the State to determine said consolidation process.

The Order of the court appointing Masters cited above at 356 Ark. 1 (2004) in no way granted the grandeous and plenary expanse of authority found in the District Court below ruling in *Friends of Eudora* nor did it mention consolidation which was adopted by the instant court below in this controversy. This tribunal should be clear on the sequence of events that followed the determination of the Arkansas Supreme Court 2000 Judgment (349 Ark. 116, supra). After the 2000 Judgment of the court relative to the constitutionality of the funding system for public schools within the State of Arkansas, there were no other trials where parties were distinguished, issues were joined and full litigation followed. The Arkansas Supreme Court exercised in its supervisory authority appointed Masters on January 22, 2004.

A.C.A. 6-13-1602, et seq., was passed by the Second Extraordinary Session of the legislature in 2003. The issue before the court on the appointment on Masters was restricted to reviewing whether or not the State of Arkansas had complied with the court Order regarding adequate and equitable funding of the State of Arkansas Public School System as per its previous decision in the *Lake View School Funding* case of 2002 (almost 2 years before Act 60 was passed) and had nothing to do with consolidation. *Lake View v. Huckabee*, 351 Ark. 31 (2002).

The District Court's finding that sovereign immunity barred federal litigation of this matter is a convolution of the *Rooker-Feldman* doctrine. The erroneous finding of the court below relating to *Rooker-Feldman* is further compounded by its own violation of the doctrine of *res judicata. District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1933); *Rooker v. Fidelity Trust Company,* 263 U.S. 413 (1993); Sufficed for the instant presentation to simply state that the Arkansas Supreme Court had decided in the previous cause of *Lake View v. Huckabee,* 340 Ark. 481 (Ark. 2000); *Lake View v. Huckabee*, 349 Ark. 116 (Ark. 2002); ); *Lake View v. Huckabee,* 359 Ark. 49 (Ark. 2004); so consideration of the issue of sovereign immunity in the instant cause has been *foreclosed* by the State Court. The Order of the court appointed Master in Lake View did not in any

way grant the authority to said appointed Master to determine the issues of consolidation nor was it within their preview to consider the issue as the Appointment Order so clearly indicates.  See 356 Ark. 1, supra.

The Master considered as per the court Order whether or not there was adequate and equitable funding for the public school system no matter what the structure of the individual district may reveal, especially the proportion of African-Americans students to Caucasian students.  The Consolidation Order in Lake View was promulgated via the supervisory and directory authority of the Arkansas Attorney General.  The Attorney General Opinion in relating to the consolidation of Lake View was clothed in race and racial consideration.  See App. 29.  The Appellants argued at the trial court level that the remedy created by A.C.A. 6-13-1602, et seq. or Act 60 was not narrowly tailored to meet the educational needs of students that was based solely upon the utilization of race as a means to consolidate most if not all of the remaining predominant African-American School Districts.  See App. 8; App. 9.  The same issue of "*narrow tailoring of remedies*" or a lack thereof played a key role in the determination of the court in *Parents Involved in the Community Schools v. Seattle School District, et al*, No. 1, No. 05-905 (U.S. 6/28/07).

*Simes v. Huckabee*, 354 F.3d 833 (8th Cir. 2004) is the most recent ruling of the court on the dual subject matter of *Rooker-Feldman* and *res judicata* is most instructive and applicable. One fact was unavoidable: when the *Lake View School Funding* cases were started Act. 60 did not exist. When the court made its original 2000 decision relative to the constitutionality of the school funding issues Act 60 did not exist (340 Ark. 481, supra); after the determination of the court in its 2000 funding case, it issued an order setting out the perimeters of consideration of the appointed Masters and nowhere in that order is the issue of consolidation or annexation mentioned. There was no litigation by the original parties in the *Lake View School Funding* case before any state tribunal where the constitutionality of Act 60 and its violation of the 14th Amend. of the U.S. Const. was pled, issues joined, oral testimony or demonstrative evidence taken, arguments and briefing done as per the requirements of the Arkansas Constitution jurisdictional commands at a trial court level as authorized by Article VII, et seq. of the Arkansas Constitution; Amend. 80 of the Arkansas Constitution of 1874.

The Lake View School District was consolidated in 2005. See Add. 29. From that point forward, the Lake View School District did not *standing* to even present any arguments relative to consolidation before the Arkansas

Supreme Court, even, if it would have been possible in view of the aforementioned order appointing Masters setting-out the scope of their authority. See *Smith v. Smith*, 241 Ark. 465 (Ark. 1966); *Huffman v. Aldison*, 355 Ark. 411 (Ark. 1998); *Miller County v. Opportunities Inc*., 334 Ark. 88 (Ark. 1998). *Landscape Properties, Inc. v. Whisenhunt*, 127 F.3d 678, rehearing den. (8th Cir. (Ark.) 1997). The preclusion theory does not apply to the facts of the instant case.

Appellees below do not deny that the centerpiece, the engine that controls the consolidation of the former Lake View School District with Barton-Lexa School District was racially motivated. The Appellants have argued below in their briefs before the trial court that the pivotal role of race in the consolidation process by which the former Lake View School District was eliminated is constitutionally prohibited and the State Defendant in their briefing did not counter the argument of the role of race in the consolidation process. The State cannot argue against its own instructive document. See App. 29. In App. 27J, the State, through its chief legal officer, i.e., Attorney General of the State of Arkansas issued an opinion that controls the consolidation process of Lake View before the Arkansas State Board. While the Attorney General Opinion may just be an opinion to the courts and to the average citizens it is a command to state agencies, A.C.A. 25-16-702 (a);

A.C.A. 25-16-703 (a); A.C.A. 25-16-702 (b)(1); A.C.A. 25-16-706 (a)(1), (3); *Hollaway v. State Board of Architects*, 79 Ark. App. 200 (Ark. App. 2002). This process and approach completely ignores the requirement of *Fitzpatrick v. Board*, 578 F.2d 858 (10th Cir. 1978).

The *Seattle* case had not been decided when the Arkansas Supreme Court was making its decision relative to consolidation and annexation of either the Lake View or Eudora School District. It is undisputed that the Humphrey School District which is in Jefferson County, Arkansas had students transferred through the Stuttgart School District in the upper western half of Arkansas County all the way down to the southern end of Arkansas County so that they could go school in Dewitt, Arkansas some 60 – 70 miles one way, if the various stops of the bus for pick-up purposes of students is calculated. What is the motivation for such a drastic transfer of students and destruction of the Humphrey School District other than race? The Stuttgart School District was predominantly African-American and the Dewitt School District was predominantly Caucasian so that the African-American students in the Humphrey School District had to travel out of one county across a complete county traveling through one school district simply to satisfy the racial demand.

Lake View School District was adjacent to both Helena-West Helena School District which is predominantly African-American; Elaine School District which was predominantly an African-American school district. See *the percentage of African-American student population, supra*. It was also adjacent to the Barton-Lexa School District which was predominantly Caucasian. At the time of consolidation, May 28, 2004, the Lake View School District had students intermingling between its district and the former Elaine School District which is less than five miles from the boundaries of the Lake View School District (Helena-West Helena School District offered a more abundant curriculum). However, the State of Arkansas refused to allow the voluntarily consolidation of these school districts because of race. At the time of the ordered consolidation with the Barton-Lexa School District, that district was on academic probation by the same State Defendants, Arkansas Department of Education. Lake View School District students now travel 25 plus miles, one way, each morning. Some students leave home at 5:45 a.m. in order to meet the bus so that they can be transported over the extended Barton-Lexa School District. Plaintiffs Kyle Wilson is the son of Henrietta and Jimmie Wilson and of this assertion there can be no creditable refutation. The administrative hearing on these issues was given a ten minute time period. App. 30.

The distances that the students have to travel are in violation of student busing limitations enunciated in this court see *LRSD v. PCSSD,* 839 F.2 1296 (1988); *LRSD v. PCSSD*, 921 F.2d 1371 (1999) these findings were not considered by the state. A narrowed tailored remedy was not considered and Act. 60 was used as an instrument of racial based categorization of students. *Wyant v. Jackson Board of Education*, 476 U.S. 267, 277, 278 (1986); *Shaw v. Reno*, 509 U.S. 630, 643 (1983).

Regardless of what arguments that may be forthcoming from the Appellee relating to the requirement of strict scrutiny review of education as a fundamental right, strict scrutiny is certainly required in the review of the conduct of the Appellees in its utilization of race in the consolidation process. The court below completely ignored the requirement of *Seattle* and as a matter of fact did not mention the Seattle case in its determination of either the disposition of the *Friends of Eudora* lawsuit or the *Friends of Lake View* lawsuit. The *sine qua non* of the Appellants' request for reopening of the instant cause was the determination of the United States Supreme Court in *Seattle.* *Seattle* prohibits the actions taken by the State authority in the consolidation process of Lake View. Yet, the District Court in the *Friends of Eudora* case, did not mention *Seattle* and, therefore, the adoption of that court's determination by the court below in the instant cause compounded

that abuse of discretion.  The decisions of the U.S. Supreme Court in *Seattle*

are the laws of the land. See App. 33.

## Strict Construction

In the *Lake View School Funding* case that was decided on November

21, 2002 and cited as *Lake View v. Huckabee*, 349 Ark. 116 (Ark. 2002)

Associate Justice Brown writing for the majority found that under Arkansas

Law:

> "There is no question in this court's mind that the requirement of a
> general, suitable, efficiency from free a public educational place on
> this states an *absolute duty* [emphasis added] to provide the school
> children of Arkansas an adequate education.  The next question, how-
> ever, is whether this language, also implies the fundamental right
> vested in the people of this state so it requires strict scrutiny of
> all legislation action requiring it …

It is the contention of the Appellants that this court must apply strict scrutiny

to Act 60 codified as A.C.A. 6-13-1602, et seq; and it was error for the court

below to use a different standard of review.

Notwithstanding the findings of *San Antonio Independent School*

*District v. Rodriguez,* 411 U.S. 135 (1973), the Appellants contend that the

finding of the U.S. Supreme Court in *Plyler v. Doe, et al,* 457 U.S. 202

(1982) states that "Public Education is not a right granted to individuals by

the Constitution."  *San Antonio Independent School District,* supra: "*But*

*neither* [emphasis added] is it merely some governmental "benefit"

indistinguishable from other forms of social welfare legislation." "Both the importance of education in maintaining our basic institutions, and the lasting impact of deprivation on the life of the child, mark the distinction." "The "American People" have always regarded education and [the] acquisition of knowledge as matters of supreme importance." *Meyer v. Nebraska,* 262 U.S. 390 (1923). This court, of course, is not ignorant of the decision in *Brown v. Board*, 347 U.S. 483 (1994). The *Brown* decision unequivocally raided the right to education and the need for an education as essential components of positive citizenship in the United States. Of course, is not ignorant of the cry of *Brown v. Board* and its plea relative to the importance of education in the life of students, especially African-American students.

The Appellants contend that the State of Arkansas has determined that education is absolute right and that the State of Arkansas utilized strict scrutiny to review its statutory construction of educational funding statutes and educational funding planning as the quote from the relevant *Lake View Funding* case above energizes. Semantics aside an *absolute right* is a *fundamental right*, if not, what is it? What education was or may have been or what it is under the U.S. Supreme Court has nothing to do with the requirements that Arkansas Supreme Court recognizes that under Arkansas Constitutional determination it is a *fundamental right*. Other states have also

found unequivocally that education is a *fundamental right*. See *Lake View v. Huckabee*, 351 Ark. 31 (2002). The reasoning of *Carter v. Arkansas,* 392 F.3d 965, 968 (8th Cir. 2004) is distinguishable from the facts and law applicable to the instant appeal. The court below completely reversed the finding of the trial Judge in the *Lake View Funding* case which was upheld by the Arkansas Supreme Court as found at 351 Ark. 31 (2002) as follows:

> In its 2001 Order, Judge Kilgore did not specifically state that an adequate education was a fundamental right under the Educational Article, however, he did rule that he would apply a strict scrutiny analysis to the State's Legislation to decide whether there was constitutional compliance. Strict scrutiny usually goes hand in hand with a claim that a fundamental right has been impaired. The Arkansas Supreme Court did not overrule the strict scrutiny analysis applied by the trial court and although there was linguistic gymnastics utilized by the court in its latest decision, nevertheless, the strict scrutiny review was not reversed.

## Error and Abuse of Discretion Committed by the Court in the Adoption of the Eudora Court's Order

The court below adopted the Memorandum Opinion in the order of the court in the *Friends of Eudora* case. The parties in the *Friends of Eudora* case basically matched the parties in the *Friends of Lake View* case. In both *Friend of Eudora* and *Friends of Lake View*, the Defendants were the Governor of the State of Arkansas; the Director of the Department of Education; the members of the Arkansas State School Board; It is to be

noted that in the *Friends of Eudora* an additional Defendant was partied to that litigation, i.e. Joyce C. Vaught in her capacity as Superintendent of the Lake Side School District – the receiving school district of the annexation process. In *Friends of Lake View*, although the court in its original order removing the case from the active docket indicated that the Friends of Lake View complaint was insufficient because it failed to join the Barton-Lexa School District, it was *Friends of Lake View* that was later denied the opportunity to amend. App. 15; App. 16.

This recapping of the pleading is availed simply to aid the court in following the reasoning of the court in *Friends of Eudora* Order of Dismissal. See App. 33. The *Eudora* court found that the doctrine set forth *Ex-parte Young*, 209 U.S. 123 (1908) did not allow a suit to go forward against either: (1) the Governor of the State of Arkansas; (2) the Arkansas State Board of Education, leaving only as a Defendant under the doctrine set-out in *Ex-parte Young*, the Director of the Arkansas Department of Education. *Young* allows actions for injunctive relief and declaration of constitution rights as presented in the pleadings of the Plaintiffs below. There is no 11th Amend. bar to such actions.

The court then found that there was no "case or controversy" pled by the Plaintiffs under Act 60 because of lack of *standing*. The court found that

there was no injury, in fact, or casual connection between that injury in which the Defendants' conduct nor any likelihood that would favor a decision by the court would redress the alleged injury, citing *Lujan v. Defenders of Wildlife*, 500 U.S. 915 (U.S. 1991). The court in *Eudora* applied the facts and circumstances of that annexation case and the instant court adopted same erroneously. The facts in Eudora have absolutely no applicability to the facts in the instant cause. App. 1.

The issues in the instant case concerns consolidation; the issues in *Friends of Eudora* concern annexation. The court in *Friends of Eudora* found that there was a lack of *standing* under Act 60 because:

> "Plaintiffs' complaint and the exhibits referenced therein clearly establish that the District's annexation occurred pursuant to the fiscal distress statues - not Act 60."

While the court may be correct in its analysis of the fact in *Friends of Eudora* (we still contend that the ultimate determination of the court to dismiss with error) certainly *Friends of Lake View* had *standing* to bring a cause-of-action under Act 60 because *Friends of Lake View* was in fact consolidated under Act 60. See *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990); *Sierra Club v. Morton*, 405 U.S. 727, 740, 741 (1972). The Plaintiff, William Henry Kyle Wilson is the son of Appellants' attorney and is still subject to the injury of this consolidation.

There can be no truthful argument that Act. 60 does not impede the *Friends of Lake View* claimed rights. The Plaintiffs have established the elements of *standing* necessary to maintain federal jurisdiction of their cause, or otherwise satisfied, the case in controversy requirements of Article III. Certainly, the findings of the Arkansas Supreme Court in the *Lake View Funding* cases places this issue beyond consideration of the Federal District Court and same with the *res judicata*. See *Lake View School District v. Huckabee*, 340 Ark. 481 (2000), supra; *Lake View School District v. Huckabee,* 358 Ark. 137 (2004), supra. The Plaintiffs in this case and their children are the object of the governmental action. *Allen v. Wright, et al,* 104 S. Ct. 3315, 468 U.S. 737, 751 (1984).

## *Rooker-Feldman* **and** *res judicata* **does not apply**

There has been absolutely no adjudication of the issue of the Lake View School District being consolidated with another school district under Act 60. The State Defendants admitted that Act 60 was not litigated in the *Lake View Funding* case. App. 27F, clearly indicates that the attorney for the State of Arkansas stated emphatically to the trial court below that the consolidation was not on the table in the *Lake View Funding* case which was still pending at that time. The court in its Order entered in *Friends of Eudora* acknowledged as much finding "they further point out that during a

hearing in this matter in August 2005 the State Defendants admitted that Act 60 was "not on the table" in State Court." (Pls.' Resp. to Mot. Dismiss, Exhibit F.) App. 8. Now the Appellees are allowed to legally "flip-flop" on this issue. Contradiction of legal position in the same case is prohibited. *Dupwe v. Wallace*, 355 Ark. 521 (Ark 2004).

Yet, the court in *Friends of Eudora* found that because the State below argued that the 2002 opinion of the court opened to scrutiny all legislative acts passed by the Arkansas General Assembly as it related to school funding controversy. The court then very erroneously found in App. 33: "*it is also plain that the district, as part of the Plaintiffs' class, had a full and fair opportunity, to and in fact did, attack the validity of Act 59 and 60 before the Special Masters, and again before the Arkansas Supreme Court*" citing *Lake View School District No. 25 v. Huckabee*, 189 S.W. 3d 1 Ark. 2004.

An examination of the Arkansas Supreme Court Opinion at 189 S.W. 3d 1 finds that the court, in fact, enumerated the consideration and findings of the Masters' Report and in no instance did the Masters' Report embrace a factual or legal founding of the assertion of the court below determination that *res judicata* or *Rooker-Feldman* should apply. 358 Ark. 137, supra

To emphasize this point, Appellants will insert the complete discussion herein of consolidation of the court of the Arkansas Supreme Court in its opinion in 2004:

> Consolidation of school districts was not expressly referenced in our Lake View III opinion. Nevertheless, an efficient education is what Article 14 § 1 of the Arkansas Constitution requires, which begs the question of whether this State can ever offer an adequate and substantially equal education to all its children without effective consolidation. This appears to be the question posed by the Masters, both in connection with better teacher pay and equality of curricula, facilities, and equipment. Governor Mike Huckabee seizes on this same theme and contends that more consolidation is essential in order for an adequate and equal education to be made available, and his counsel at oral argument argued that diseconomies of scale impede the possibility of obtaining a substantially equal educational opportunity. They allude to Act 60 of the Second Extraordinary Session of 2003, which provides for administrative consolidation of school districts with less than 350 students, with no school to be closed until July 1, 2005. They refer to the variety of course offerings and suggest that a greater variety of curricular offerings to high-school students across the state cannot be accomplished without consolidation, as it will not be economically feasible to do so in small school districts.

As a matter of fact, the Arkansas Supreme Court, contrary to the Federal District Courts finding, used the following emphatic language:

> "*We will not venture into this debate and mandate a specific consolidation program, as we are firmly convinced that an efficient public education as well as a general and suitable public education must be ordained by the executive and legislative branches of this State...What is radiantly clear, however, is that if an adequate curriculum, adequate facilities, and adequate equipment cannot be afforded to the school children in the smaller school districts of this state due to a lack of sufficient economic resources, more efficient*

*measures to afford that adequacy will be inevitable."* 358 Ark. 137, supra.

The court below in *Friends of Eudora* found erroneously the following:

> "The Arkansas Supreme Court concluded that acts passed by the General Assembly in 2003, including Act 59 and Act 60, adequately address the Arkansas Supreme Court's November 2002, decision with respect to the constitutionality of the state pubic school system, *Id*." "The Arkansas Supreme Court determined that the State's public education system was constitutional was premised upon the conclusion that Act 60's administrative consolidation was not only lawful, but necessary for the State to meet its constitutional obligations with regard to the State's public education system. *Id at 10-16.*"

Nowhere in the actual finding of the Arkansas Supreme Court decision entitled, "Supplemental Opinion" dated June 18, 2004 and cited as 189 S.W. 3.d 1 can this conclusion be found.

The federal judiciary has found that school districts that use racial classification in order to meet certain desegregation and integration purposes must action on the law or the law used to implement these results must meet the *strict scrutiny test. McFarland v. Jefferson County School District*, 330 F. Supp.2d 834 (W.D. Ky. 2004) *aff'd,* 416 F.3d 513 (6th Cir. 2005); *Grutter v. Bollinger*, 539 U.S. 306, 326 (2003). The finding of the court in *Friends of Eudora* that *strict scrutiny* did not apply to the issues of annexation was in error but that error was combined by the adoption of the ruling in *Friends of*

*Eudora* by the court in *Friends of Lake View*. The *strict scrutiny test* had been applied by the court in the *Lake View Funding* case by its finding that education was an absolute right. See *Lake View v. Huckabee,* 251 Ark. 31 (2002). State Defendants cannot have it both ways. The court below finds that *res judicata* applies which simply means that they are the same parties or same issues presented to the court, but, if that is in fact, true the rights of the Plaintiffs in the *Lake View Funding* case inures to their benefits here. In the *Lake View Funding* cases, the State Defendants defenses *res judicata*, judicial estoppel, sovereign immunity, *Rooker-Feldman* were denied. There was no issue of race or discrimination by the State in its funding because of race raised in any of the *Lake View Funding* cases.

However, not withstanding an argument that the court did not find that education was a fundamental right under Arkansas Law in the *Lake View Funding* case and that *strict scrutiny* was not applied, *strict scrutiny* has always been applied by the court when the use of racial consideration of paramount are iatrical to the implementation of legislation affecting a protected class. See *McFarland*, supra and most recently the finding of the court in *Parents Involved in the Community Schools v. Seattle School District, et al,* No. 1, No. 05-905 (U.S. 6/28/07).

The court below erroneously omitted the findings and requirements mandated by the U.S. Supreme Court in *Seattle*. In *Seattle*, the court basically reiterated its finding that racial consideration in the placement of students is prohibited. Strict scrutiny was applied. The court below in its order in *Friends of Eudora* (App. 33) did not discuss *Seattle*. Unfortunately, by circumstance of adoption of the order in the *Friends of Eudora* case, the court ignored and omitted the findings of the court in *Seattle*.

## Conclusion

The opposition by the State Defendants to the full realization of the constitutional rights of the Plaintiffs in this case, however, deeply entrenched must not be allowed to circumvent or interfere with that full realization. The court has faced similar, if not, same concerns in the enforcement of *Brown*. *Cooper v. Aaron*, 358 U.S. 1(1958). There has been an outcry by certain State elements and particularly State Defendant and consolidation is the only way by which enforcement by a constitutional right can be implemented by the Defendants. This same unconvincing was made before this court in the case of *LRSD v. PCSSD*, 778 F.2d 404 (8th Cir. 1985) (*en bance*), cert. denied 476 U.S. 1186 (1966).

Appellants contend that the ruling of the court in *Seattle* is the law of the land. See *Marbury v. Madison*, 1 Cranch 137 (1803). *Marbury*

established by the U.S. Supreme Court determines the question of "what the law is." Appellants contend that the court below erred, an extreme error in failing to even acknowledge the existence of the court's ruling in *Seattle* in their Orders of Dismissal. The Plaintiffs below in their Motion for Status Hearing and Motion to Reopen, clearly relied on the *Seattle* case as a central feature of its contention that the consolidation was unconstitutional. See App. 21A. The actions of the State Defendants in closing the Lake View School in such an unconstitutional manner after it had prevailed over a course of decades in the Lake View Funding case should shock the conscious of the court in the debris of the due process violation. *Rochin v. California*, 342 U.S. 165 (1952); *County of Sacramento v. Lewis*, 523 U.S. 833 (1998). The State Defendants simply did not consider any less extreme remedy as required by *Fitzpatrick* nor did it follow the mandates of *Fitzpatrick* in developing its procedure for consolidation.

Because of the summarily dismissal of this case, the Plaintiffs have been unable to bring to the attention of the court, the drastic negative impact that consolidation on the former students of Lake View School District. Before consolidation, there was zero drop-out at Lake View School District, now drop-out rate is 20%; small classes at Lake View were producing college graduates. Now only 2 African-American students from the Lake

View School District have gone on to four-year colleges since the consolidation. Lake View School District has been cut-off from access to internet services through resource of the State which was available when the Lake View School District was operable. Students in grades K-12 are traveling in a total of 3 to 4 hours a day to school.

The system is simply not working for African-American students at Lake View as it is not working for African-American students across this nation. The court is recommend to read the horror story that exists in the educational arena for African-American that is painfully described in a review entitled, "*Racial Justice and Equity for African-American Males in the American Educational System, The Dream Forever Deferred*: Carl D. Witherspoon, Professor of Law-University Law School, Columbia, North Carolina, 29 N.C. Cent. Law Journal 1 (2006-2007).

Implementation of public policy based on race carries a dangerous stigma that may, in fact, promote notions of racial inferiority and lead to a politic of racial hostility. *University of California Regents v. Bakke*, 438 U.S 265, 298 (U.S. 1978); *Richmond v. J.A. Crosan Co.*, 48 U.S. 469 (1999). The court can readily see from the hate communication from the Barton-Lexa School District as illustrated by App. 1, Exhibit 6, thereto, that this hostility is being perpetuated against the Appellants and their children. The

court in the Eudora case circumvented facing the issue of the fact that a policy, statute, regulation, administrative process which may appear to be racially neutral on its face may have constitutionally prohibited racial impact. It is fair treatment of the Plaintiffs in this case are an example of this phenomenon. Administration of Act. 60 violates the federal protected rights of a protected class or an identifiable class of citizens under the 14th Amend.

*Yick Wo v. Hopkin*, 118 U.S. 356 (1886); *Loving v. Commonwealth of Virginia*, 338 U.S. 1 (1967) represents the courts findings that where a statute or rule may appear neutral on its face but where it has a despairing impact up minorities or protected classes it will be found to be unconstitutional. Act 60 appears all schools with 360 students or less in a category to be annexed but the impact has closed not only the Plaintiffs' school but practically all other African-American schools in Eastern Arkansas. Simultaneously, the State of Arkansas allows Charter schools – which are State sponsored – to maintain school populations of less than 350 students. Appellants do not waive any of the claims, inclusive of voter-rights violations in this appeal, but, because of limitation of space we will rely on pleading and motions filed below. The trial court erred in its

determination of the lack of a "zone of interest" and Appellants believe that their standings on this issue was creditable.

The Appellants request court finds that there has been an error of law, abuse of discretion, and this application of facts by the courts (court in *Lake View* and court in *Eudora*) and the causes below, mandates reversal.

Respectfully Submitted,

_____
Attorney J.L. Wilson(Bar#73-128)
521-523 Plaza Street
West Helena, AR  72390
Phone: (870)572-1533
Fax: (870)572-4392
aw                                          attorneyjlwilson@suddenlinkmail.com

# CERTIFICATE OF SERVICE

I, J.L. Wilson, do hereby certify that on August 22, 2008, I mailed the document by Untied States Postal Service to the following:

Matthew McCoy
323 Center Street, Ste. 1100
Little Rock, AR  72204-2610

Respectfully Yours,

_____
Attorney J.L. Wilson(Bar#73-128)
521-523 Plaza Street
West Helena, AR  72390
Phone: (870) 572-1533
Fax: (870)572-4392
aw                        attorneyjlwilson@suddenlinkmail.com

## CERTIFICATE OF COMPLIANCE

In accordance with the rules of this court, counsel for *Friends of Lake View,* verified that the instant brief is in the amount of  6,435 words; Appellant counsel further certifies that a enclosed scanned CDR of the brief finds an absence of virus in accordance of requirement of this court.


Respectfully Submitted,

`

_____
Attorney J.L. Wilson(Bar#73-128)
521-523 Plaza Street
West Helena, AR  72390
Phone: (870)572-1533
Fax: (870)572-4392
www.attorneyjlwilson@suddenlinkmail.com

## **ADDENDUM**

## TABLE OF CONTENTS

1.  Order of the Honorable Susan Wright, dated                    **Page**
    March 25, 2008 granting the Appellees'
    Motion to Dismiss ………….. …………………………….....   31

2.  Judgment of the Honorable William Wilson, Jr., dated
    April 8, 2008, granting Appellees' Dismissal …….……………   50